748

*pauperis,* filed a 42 U.S.C. § 1983 complaint challenging the constitutionality of correspondence rules adopted by the Texas Department of Criminal Justice with respect to prohibitions on inmate-to-inmate correspondence, decoration of envelopes, and "homemade" envelopes. The district court dismissed the complaint, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

Guajardo contends that he was not required to pursue administrative remedies because the Texas grievance system offers no avenue to make a statewide challenge to prison rules. He also argues that the district court should have required the defendants to answer his complaint and that the district court should have conducted an evidentiary hearing.

The exhaustion requirement is mandatory and applies to all inmate suits regardless of the forms of relief sought and offered through administrative remedies. *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir.2003). The district court did not err in dismissing Guajardo's suit for failure to exhaust administrative remedies. *See id.*

The district court was not required to obtain a response from the defendants prior to dismissing Guajardo's complaint. *See Wendell v. Asher,* 162 F.3d 887, 889–90 (5th Cir.1998). Nor was the district court required to conduct an evidentiary hearing. *See Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir.1998). The judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joel IBARRA–ARELLANO,**
**Defendant–Appellant.**

No. 04–50568.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Joel Ibarra–Arellano raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

## UNITED STATES of America, Plaintiff–Appellee,

v.

## Enrique GONZALEZ–BARRAZA, Defendant–Appellant.

### No. 04–50741.
### Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Enrique Gonzalez–Barraza raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

## UNITED STATES of America, Plaintiff–Appellee,

v.

## Ramon Gerardo CHACON–AVITIA, also known as Ramon Gerardo Chacon–Avita, Defendant–Appellant.

### No. 04–50763.
### Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.